**8**

UNITED STATES of America,
Plaintiff,

v.

A. W. WINTERS and Ruth H. Winters,
his wife, Defendants.

Civ. No. 4709.

United States District Court
D. Wyoming.

Dec. 16, 1963.

Robert N. Chaffin, U. S. Atty., Cheyenne, Wyo., for plaintiff.

J. J. Hickey, of Hickey, Rooney & Walton, Cheyenne, Wyo., for defendants.

KERR, District Judge.

This is an action to foreclose a Crop and Chattel Mortgage, Security Agreement and Financing Statement, and a

real estate mortgage which were executed August 6, 1962, and March 30, 1959, respectively, by the defendants, A. W. Winters and Ruth H. Winters, his wife, to secure payment of certain promissory notes payable to the order of the United States of America, plaintiff herein. The mortgaged property is in Sweetwater County, Wyoming. It consists of the Farm Unit No. E 21 of the Eden Project containing 433.03 acres, more or less, together with the crops and chattels on the premises.

It is stipulated that the amount unpaid on the crop and chattel mortgages and combined forms of security agreement-financing statements as of May 1, 1963, is $6,174.02 plus interest accruing thereafter at the rate of $0.5926 per day; and that the amount unpaid on the promissory note secured by the real estate mortgage is $8,061.51, principal and interest, as computed to July 27, 1963, together with interest accruing thereafter at the daily rate of $0.5972.

 Defendants question the motive of the government in instituting the foreclosure proceeding against them when other settlers in the Eden Project have larger loans and owe more money than these defendants. It is a well established rule, with exceptions not here pertinent, that "the motive which impels the mortgagee to seek foreclosure is immaterial and irrelevant * * *". Glenn on Mortgages, Sec. 58, page 384; Dickerman v. Northern Trust Company, 176 U. S. 181, 20 S.Ct. 311, 44 L.Ed. 423 (1900).

It is the contention of the government that the sale of the lands involved in this Eden Project, and the loans made to the defendants were governmental activities performed by the United States in its sovereign capacity; that the government is not bound by any unauthorized statements or acts of its employees; and that the purchasers got what they bargained for.

 In commencing this action to foreclose mortgages, the government submits its claim against the defendants in the role of a private litigant having transacted business with the defendants on a commercial basis. As a private suitor, it does not seek reparation for the infringement of its sovereignty, and it cannot now take refuge in the cloak of sovereign immunity. Defendants, therefore, are entitled to assert all legal and equitable defenses available to them and material to the issue.

 The crux of the defendants' defense is failure of consideration for which the notes and mortgages were executed. To be actionable, the fraud or deceit upon which defendants rely must be predicated on present or pre-existing facts and the representations upon which defendants allegedly relied to their detriment must not have been merely promissory or speculative statements.

There is no doubt that the defendants were induced to purchase the land in the Eden Project by the representations of the authorized agents of the government, and by the fact and information sheets circulated to promote the Eden Project. Included in the General Information circular were statements concerning the type of climate, the average growing season, and the amount of annual precipitation. There were also expressions concerning the suitability of the soil for farming and the amount of irrigation water available.

Assuming for the moment but not deciding that the government was guilty of making false representations to induce the defendants to purchase the land and to borrow the money upon the security of the chattel mortgages, the court must determine the measure of defendants' damages. There is no evidence of what the defendants parted with nor of the actual value of what they received. That they received something of some value is self-evident, but it is also obscure.

There is evidence only that great financial loss was suffered by all the settlers on the project, including the defendants. There is evidence that the soil and irrigation conditions were not conducive to agricultural enterprises, and that the size of the units was insufficient for livestock ventures. The record is replete

with testimony that the settlers were forced to engage in off-the-farm employment because the farm units were unprofitable to support a farm family or to retire their capital investments.

Not until this action was commenced did the defendants avail themselves of the plea of failure of consideration; they did not raise that issue to reduce the amounts due on their notes, or to recover whatever damages they might have suffered. Instead of negotiating with the government immediately upon discovery of any misrepresentations in an effort to alleviate their indebtedness, the defendants continued to obligate themselves on new notes and to become even more deeply embroiled in financial difficulties.

█ The defendants did not satisfactorily sustain their burden of showing how much damages were occasioned by the alleged fraud of the government. Absent adequate proof of the amount of damages sustained, this court cannot indulge in conjecture and surmise to determine the value of the injurious consequences of any false and fraudulent representations made by the seller to the buyer. Richardson, et al. v. Lowe, et al., 8 Cir., 149 F. 625 (1906).

█ While I am not insensitive to the unfortunate position of the defendants I am constrained to find that the representations upon which the defendants relied were not matters of presently or pre-existing facts. There is no evidence that the government or its agents made specifications or positive, factual assertions which assured the buyers of the character of the land in the farm units in the Eden Project.

The government's statements concerning the physical factors such as the soil, the irrigable acreage, the weather, the crop potential, and the possibility of an income-producing project as a whole, all must be categorized as expectations, beliefs, and estimates. Even now, the government's analysis and evaluation of the land classifications and of the project are based not on facts, but upon surveys, studies and opinions. In the 1963 "Report on Problems of the Eden Reclamation Project" it is asserted that the only feasible farm operation is livestock production which would require additional acreage in each unit. This sort of statement, comparable in tenor and import to those made to the defendants in 1959, cannot be said to be a representation of fact which the seller is bound to make good or subject himself to an action in or defense of fraud or deceit. The error, if such there were, in the appraisal of the feasibility of the production pattern of the farm units in the Eden Project, is evidenced only by re-appraisals of the project. Obviously, we are not dealing with cold, unambiguous, unequivocal facts.

█ The defendants urge in their brief that this court forego the foreclosure of their mortgages so that they may be permitted the advantage of recommended legislation as evidenced by one of their exhibits. Legislation may well be the most equitable and practical means to rescue defendants from their unfortunate predicament. It is not, however, a valid defense in a foreclosure action.

█ The plaintiff, having submitted proof of a valid obligation of the defendants to the government, and having established the amount due and owing thereon, a decree of foreclosure is justified. While the misfortune which harasses the defendants evokes sympathy and compassion, I am not able to discover any legal or equitable principles which permit the defendants justly to avoid payment of their mortgage debts. Plaintiff, therefore, is entitled to judgment in its favor and against the defendants as prayed for in the complaint.

Plaintiff is given fifteen (15) days from this date to prepare Findings of Fact and Conclusions of Law and judgment, and the clerk will enter an order accordingly.